UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
KEITH HARVEY,

                Plaintiff,

-against-

MELINDA KATZ in Her Official
Capacity as the QUEENS COUNTY
DISTRICT ATTORNEY,

                Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 1:23-cv-00393 (FB) (RML)

*Appearances*:
*For Plaintiff*:
EDWARD J. MUCCINI
Sacks & Muccini LLC
242-03 Northern Blvd.
Little Neck, NY 11363

*For Defendant*:
NICHOLAS R. CIAPPETTA
New York City Law Department
Administrative Law and Regulatory
Litigation Division
100 Church St.
New York, NY 10003

**BLOCK, Senior District Judge**:

Plaintiff Keith Harvey ("Plaintiff") brought this federal question action to declare New York's ban on assault weapons unconstitutional after a New York supreme court declined to do so in his state court criminal prosecution for possessing assault weapons. Defendant Melinda Katz, District Attorney of Queens County

1

("Defendant"), now moves to dismiss pursuant to the *Younger* abstention doctrine. For the following reasons, Defendant's motion is granted.

## I.

Plaintiff was indicted in 2018 after the New York Police Department discovered multiple rifles in his home, including four semiautomatic "assault weapons."[1]  He was charged with, among other things, criminal possession of a weapon in the third degree for possessing an "assault weapon" in violation of N.Y. Penal Law § 265.02(7).

In 2022 the Supreme Court of the United States issued its decision, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, holding that, where the "Second Amendment's plain text covers an individual's conduct . . . The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."  597 U.S. 1, 24 (2022).  Shortly after, Plaintiff filed a motion to dismiss his criminal indictment, arguing that New York's

---

[1] Plaintiff's Complaint takes issue with the term "assault weapon" and instead uses "semiautomatic firearm," although he later shifts back to "assault weapon" in his memorandum of law.  Because "assault weapon" is a term of art in the statutes that Plaintiff argues are unconstitutional, and because those statutes define "assault weapon" as the "semiautomatic rifle[s]," that Plaintiff undisputedly possessed, *see* N.Y. Penal Law § 265.00(22), the Court will use the term "assault weapon" for clarity.

prohibition on "assault weapons" was unconstitutional under *Bruen*. The court denied his motion, holding:

> While defendant's arguments may or may not have merit, the holding in *Bruen* does not affect the constitutionality of PL §265.02(7) [which prohibits the possession of assault weapons] which is charged in the instant Indictment. The *Bruen* holding only invalidates the "proper cause" requirement to obtain a carry permit for legal firearms, and the very nature of the firearms (i.e. assault weapons) defendant is charged with possessing would prohibit the defendant from obtaining a license for same.

Ex. G, at 3.

Plaintiff then filed this lawsuit against the District Attorney for Queens County, Melinda Katz, in her official capacity. He seeks declaratory judgements that: (i) he has a fundamental right to possess the banned assault weapons; and (ii) New York's ban on assault weapons is unconstitutional.

## II.

Defendant argues that the Complaint must be dismissed pursuant to the *Younger* abstention doctrine. She is correct.

Under the *Younger* abstention doctrine, federal courts are precluded from intruding into ongoing state criminal prosecutions. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (explaining that federal courts should refuse to exercise jurisdiction in "ongoing state criminal prosecutions"). Abstention is mandatory when: (1) there is a pending state criminal prosecution; (2) that

3

implicates an important state interest; and (3) the state proceeding affords the federal plaintiff adequate opportunity for judicial review of his federal constitutional claims. *See Spargo v. N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 75 (2d Cir. 2003). The doctrine applies to claims for injunctive and declaratory relief. *See Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (explaining that "where an injunction would be impermissible under [*Younger*], declaratory relief should ordinarily be denied as well").

Here, each requirement is met. Plaintiff's criminal prosecution was pending when he filed his Complaint. *Hansel v. Town Court*, 56 F.3d 391, 393 (2d Cir. 1995) (first requirement met where "criminal prosecution was proceeding when [plaintiff] brought this action before the district court"). The prosecution implicates an important state interest. *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) ("There is no question that [an] ongoing prosecution implicates important state interests"). And he had an adequate opportunity for judicial review of his federal constitutional claim, which was squarely considered when the Queens County supreme court adjudicated his post-*Bruen* motion to dismiss. *Hansel*, 56 F.3d at 394 ("So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for *Younger* purposes."). Ultimately, the state court's disposition will be subject to appeal and, if appropriate, review by

the United States Supreme Court. The inconvenience of this process is not a sufficient ground for this Court to intrude. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 601 (1975) ("[T]he cost, anxiety, and inconvenience of having to defend against a single criminal prosecution [is] not the type of injury that could justify federal interference.") (cleaned up).

That Plaintiff seeks declaratory rather than injunctive relief does not bar *Younger* abstention. As explained in *Samuels*, "where an injunction would be impermissible under [*Younger*], declaratory relief should ordinarily be denied as well." 401 U.S. at 73. Such an outcome is particularly appropriate here because Plaintiff has emphasized, multiple times, in both his Complaint and his memorandum in opposition to Defendant's motion to dismiss, that he seeks relief before this Court to avoid the consequences of a conviction in his criminal proceeding. *See, e.g.*, Pl.'s Mem. L. Opposing Def.'s Mot. to Dismiss 3 ("If the Court does not intervene in this matter . . . a finder of fact will very likely find Mr. Harvey guilty of possession of the assault weapons.").

Plaintiff does not contest the applicability of the *Younger* abstention doctrine, but instead argues that the Court should apply an equitable exception because New York's ban on "assault weapons" is flagrantly and patently unconstitutional. Under this narrow exception, *Younger* abstention would not apply where a challenged statute is "flagrantly and patently violative of express

5

constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

Plaintiff does not cite to any decisions that have applied the "flagrantly and patently unconstitutional" exception. The Court's own review finds scant examples. *See, e.g.*, *Orazio v. Town of N. Hempstead*, 426 F. Supp. 1144, 1147 (E.D.N.Y. 1977) (finding that ordinance that prohibited putting up political wall signs more than six weeks before an election was "unconstitutional however applied and [could] not be construed to avoid this infirmity" justifying an exception to *Younger* abstention).

Regardless, the only Court of Appeals to consider whether *Bruen* invalidated state prohibitions on assault weapons found that challenge unlikely to succeed. *See Bevis v. City of Naperville, Illinois*, 85 F.4th 1175, 1192-1202 (7th Cir. 2023) (rejecting preliminary injunctions to enjoin Illinois laws prohibiting assault weapons after finding that assault weapons were likely not "arms" protected by the Second Amendment under the first prong of *Bruen*, and that laws prohibiting assault weapons were likely consistent with the history and tradition of firearm regulation), *cert denied*, No. 23A486, 2023 WL 8635036, at *1 (U.S. Dec. 14, 2023). This well-reasoned decision provides ample evidence that *Bruen* does not

render New York's ban on assault weapons to be "flagrantly and patently" unconstitutional in any and all circumstances.

Accordingly, the Court declines to exercise jurisdiction under the *Younger* abstention doctrine. Because abstention applies, the Court need not address the merits of Plaintiff's challenge to New York's prohibition on assault weapons.

### III.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's claims pursuant to the *Younger* abstention doctrine is granted.

**SO ORDERED.**

                                                   /S/ Frederic Block
                                                   FREDERIC BLOCK
                                                   Senior United States District Judge

Brooklyn, New York
December 20, 2023